# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BENJAMIN F. ZANDELL,<br>    Appellant, | DOCKET NUMBER<br>SF-831M-14-0128-I-1 |
|    v. | |
| OFFICE OF PERSONNEL<br> MANAGEMENT,<br>    Agency. | DATE: October 8, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Benjamin F. Zandell</u>, Puyallup, Washington, pro se.

<u>Christopher H. Ziebarth</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management (OPM)'s reconsideration decision finding that the appellant had received an overpayment of $15,772.63 in civil service annuity benefits and that he was not entitled to a waiver of the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

overpayment. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 On November 14, 2013, OPM issued a reconsideration decision affirming its finding that the appellant was overpaid $15,772.63 in civil service annuity benefits over a 7-year period. Initial Appeal File (IAF), Tab 7 at 4-5. OPM explained that, from June 1, 2004, to July 31, 2011, the appellant's health plan benefits coverage was erroneously processed under the Blue Cross Blue Shield "self only" plan, rather than the "self and family" plan. *Id*. at 4. OPM stated that because the appellant submitted medical claims and prescriptions for himself and his spouse during this period, his health benefits premiums became underpaid. *Id*. Consequently, the appellant owed additional health benefits premiums, resulting in an overpayment in civil service annuity benefits of $15,772.63. *Id*. In its reconsideration decision, OPM also denied the appellant's request for a waiver of the overpayment but adjusted the collection schedule from the original

63 installments of $250.00 to 90 installments of $175.00 and a final installment of $22.63. *Id*. at 5.

¶3 The appellant timely filed an appeal of OPM's reconsideration decision. IAF, Tab 1. Thereafter, the administrative judge issued an initial decision on the written record affirming OPM's reconsideration decision.[2] IAF, Tab 10, Initial Decision (ID) at 1, 6. The administrative judge found that OPM established the existence and amount of the alleged overpayment by preponderant evidence. ID at 3. He further found that the appellant was not entitled to a waiver of the overpayment. ID at 3-5. In particular, the administrative judge found that OPM's conclusion that the appellant knew or should have known that he was paying the wrong health benefits premium was reasonable under the circumstances. ID at 3. He found that, even assuming the appellant was completely without fault in the creation of the overpayment, the appellant failed to establish that recovery of the overpayment would be against equity and good conscience. ID at 3-5.

¶4 The appellant has timely filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response to the appellant's petition. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 OPM bears the burden of proving the existence and amount of an annuity overpayment by preponderant evidence. *Vojas v. Office of Personnel Management*, 115 M.S.P.R. 502, ¶ 10 (2011); 5 C.F.R. § 845.307(a). The appellant does not dispute the administrative judge's finding that OPM established this burden.[3] Rather, the appellant challenges the administrative judge's finding that he was not entitled to a waiver of the overpayment. The appellant contends that: (1) he was not aware of the error in his deductions because he did not specifically verify the amount and he had no reason to believe

---

[2] The appellant did not request a hearing. IAF, Tab 1 at 3.

[3] In any event, we discern no basis for disturbing this finding on review.

it was incorrect; (2) OPM's delay caused the amount of the overpayment to increase beyond a reasonable amount; and (3) collecting the entire amount of the overpayment is against equity and good conscience.  PFR File, Tab 1 at 4-5.

¶6  The appellant bears the burden of establishing his entitlement to a waiver by substantial evidence.  *Knox v. Office of Personnel Management*, 107 M.S.P.R. 353, ¶ 5 (2007); 5 C.F.R. § 845.307(b).  A waiver may be granted when the annuitant is without fault and recovery would be against equity and good conscience.  *Knox*, 107 M.S.P.R. 353, ¶ 5; 5 C.F.R. § 854.301.  In determining fault, pertinent considerations generally include:  (1) whether payment resulted from any statement the appellant should have known to be incorrect; (2) whether payment resulted from any failure on his part to disclose material facts in his possession that he should have known to be material; and (3) whether he accepted a payment that he knew or should have known to be erroneous.  *Knox*, 107 M.S.P.R. 353, ¶ 6; 5 C.F.R. § 845.302(a).

¶7  We discern no basis for disturbing the administrative judge's finding that OPM's conclusion that the appellant knew or should have known that he was paying the wrong health benefits premium was reasonable under the circumstances.  ID at 3.  OPM stated in its reconsideration decision that, each year, it mails health benefits information and brochures to annuitants and their survivors.  IAF, Tab 7 at 5.  OPM explained that "[t]hese brochures (and websites) detail the amount of the premiums for self only and self and family enrollment and provide an opportunity for the annuitant or survivor to make any changes in their health benefits coverage."  *Id.*  OPM further stated that the health benefits information it mails annuitants and their survivors includes statements reflecting deductions made from the monthly annuity benefit.  *Id.*  OPM explained that the appellant could have used the brochures and statements to compare the amount that should have been charged for the health benefits premiums with the actual amount that OPM was deducting from his annuity benefits.  *Id.*  The administrative judge found that the appellant did not deny

receiving this health benefits information and acknowledged that he chose not to read it. ID at 3. In his petition for review, the appellant acknowledges that he did not verify the amount he was being charged for his health benefits premiums. PFR File, Tab 1 at 4. Based on the foregoing, we discern no basis for disturbing the administrative judge's finding that OPM's conclusion that the appellant was not without fault in creating the overpayment was reasonable. ID at 3.

¶8 Even if the appellant were without fault in creating the overpayment, he has failed to establish that recovery of the overpayment would be against equity and good conscience. ID at 3-4. Generally, recovery is against equity and good conscience when it would cause financial hardship, the annuitant can show that because of the overpayment he relinquished a valuable right or changed positions for the worse, or recovery could be unconscionable under the circumstances. *Knox*, 107 M.S.P.R. 353, ¶ 8; 5 C.F.R. § 845.303. As noted by the administrative judge, the appellant does not specifically claim that recovery would cause him financial hardship nor does he contend that he detrimentally relied on the overpayment amount such that he relinquished a valuable right or changed financial positions for the worse. ID at 4.

¶9 Instead, the appellant contends that recovery would be unconscionable under the circumstances because OPM did not notice its mistake for 7 years. PFR File, Tab 1 at 4. To determine whether recovery of an overpayment is unconscionable, the Board considers the totality of the circumstances, taking into account all of the relevant factors. *See Spinella v. Office of Personnel Management*, 109 M.S.P.R. 185, ¶ 7 (2008); *see also Aguon v. Office of Personnel Management*, 42 M.S.P.R. 540, 549-51 (1989). The Board's standard for finding recovery of an overpayment to be unconscionable is high, and waiver is justified only in exceptional circumstances. *Aguon*, 42 M.S.P.R. at 549-51. Such circumstances may include, but are not limited to, cases in which OPM: (1) delayed adjustment of an annuity for an exceptionally long period of time; (2) failed to respond in a reasonable length of time to an annuitant's inquiries

regarding an overpayment; (3) failed to expeditiously adjust an annuity after receiving specific notice; or (4) was grossly negligent in handling a case. *Id.* at 550.

¶10 We agree with the administrative judge's well-reasoned finding that, based on the circumstances in this case, the appellant has not established that OPM's recovery of the overpayment would be unconscionable. ID at 5. In making this finding, the administrative judge considered the fact that the overpayment in question accumulated over a 7-year period and that OPM failed to provide an explanation for the delay. ID at 5. The administrative judge found, however, that the appellant failed to establish that recovery of the overpayment would be unconscionable because OPM did not delay once it became aware of the circumstances that gave rise to the overpayment and because there were no "additional circumstances" that would militate towards the granting of a waiver. ID at 5. For example, this is not the type of case in which an employee has clearly brought OPM's mistake to its attention and requested correction. ID at 5. The administrative judge's finding that the appellant failed to show that OPM's recovery of the overpayment would be unconscionable is supported by the weight of the record evidence and the applicable law, and therefore we discern no reason to disturb this finding on review. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings where the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *see also Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶11 The administrative judge, therefore, properly found that the appellant failed to meet his burden of establishing entitlement to a waiver of the overpayment. Based on the foregoing, we affirm the administrative judge's initial decision affirming OPM's reconsideration decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.